# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 3, 2004

## STATE OF TENNESSEE v. CHRIS E. HIXSON

**Direct Appeal from the Circuit Court for Dickson County**
**Nos. CR3993, CR5044, CR5844      Robert E. Burch, Judge**

---

**No. M2002-03141-CCA-R3-CD - Filed April 7, 2004**

---

The Defendant, Chris E. Hixson, pled guilty to two counts of theft and three counts of sale of cocaine, all Class C felonies. He was sentenced to two concurrent four-year terms for the theft offenses, and to three concurrent four-year terms for the cocaine offenses, these latter terms to be served consecutively to the terms for the theft offenses, for an effective sentence of eight years. All of these sentences were ordered to be served on community corrections. The Defendant was subsequently convicted of aggravated burglary and sentenced to serve three years on community corrections, consecutive to the sentences imposed for the theft offenses. The effective sentence of eight years was thus unchanged. Subsequent to the burglary conviction, the Defendant violated the terms of his release and was ordered to serve two years day-for-day in confinement, after which he was to be released back into community corrections. It is from this order that the Defendant now appeals, arguing that the two years of continuous confinement constitutes an illegal sentence. The State concedes that the sentence is illegal. We agree. The trial court's judgment is reversed and this matter is remanded to the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Remanded

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Merrilyn Feirman, Nashville, Tennessee and Chris L. Young, Ashland City, Tennessee, for the appellant, Chris E. Hixson.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Dan Alsobrooks, District Attorney General; and Suzanne Lockert, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record in this matter establishes that the Defendant has violated the terms of his community corrections sentence numerous times. At the most recent violation hearing, which resulted in the order at issue in this appeal, the Defendant's probation officer testified that "[the Defendant] has already had several violations. He has not reported well. He has failed several drug tests. He is not a good candidate for Community Corrections." At the conclusion of the hearing, the trial judge stated,

> If I violate [the Defendant] and send him on to prison, they'll parole him out in thirty percent and basically won't have [a] very high level of supervision after that. I'm just not going to do that. I'm going to require him to serve two years in the county jail, day for day. After those two years, day for day, he will be placed out on Community Corrections level one supervision. If he violates again, I'll put him in for two more.

An order was subsequently filed, providing that the Defendant was "ordered to serve 2 years day for day then placed back out on level one community corrections." The Defendant contends, and the State concedes, that this order constitutes an illegal sentence.

This case is almost identical to the case of State v. Tim Mattingly, No. M2002-02765-CCA-R3-CD, 2003 WL 22038777 (Tenn. Crim. App., Nashville, Sept. 2, 2003). In that case, the same trial judge found the defendant to be in violation of his community corrections sentence, and as "punishment" for the violation, ordered the defendant to serve three years in confinement, day-for-day, after which he was to be placed back on community corrections. In reviewing this sentence, this Court stated,

> When a defendant violates the terms of a community corrections sentence, the trial court may either revoke the community corrections sentence and resentence the defendant, see Tenn. Code Ann. § 40-36-106(e)(4), or it need not revoke and may allow the defendant to continue to serve the community corrections sentence. If the trial court revokes the community corrections sentence, it "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served [on community corrections.]" Id. If community corrections is revoked, the trial court must conduct a new sentencing hearing in accordance with the Criminal Sentencing Reform Act and may even impose a greater sentence than the original sentence.
>
> If the trial court opts to allow a defendant to continue serving the community corrections sentence despite a violation, it may impose, as a condition, additional requirements including a period of incarceration. This is authorized because the trial court "retain[s] the authority to alter or amend at any time the length, terms or

conditions" of the community corrections sentence. Tenn. Code Ann. § 40-36-106(e)(2). However, in the event the trial court imposes incarceration as a condition, the period of confinement may not exceed one year.

Mattingly, 2003 WL 22038777, at *2 (citations omitted); see Tenn. Code Ann. § 40-35-306(a). Where a period of confinement is imposed, an order of day-for-day service is impermissible because a trial court cannot deny a defendant the statutory right to earn good conduct credits or authorized work credits where the defendant receives a sentence of split confinement and becomes a county jail inmate. See State v. Jeannie Hudson, No. E2001-00377-CCA-R3-CD, 2002 WL 264625, at **4-5 (Tenn. Crim. App., Knoxville, Feb. 19, 2002). In the Mattingly case, this Court found the sentence to be illegal and void, reversing the trial court's judgment and remanding the matter for further proceedings. See Mattingly, 2003 WL 22038777, at *3.

In fairness to the trial court, the Mattingly decision had not been filed as of the time of the instant hearing and subsequent order. Nevertheless, the same result obtains and we must find the trial court's order that the Defendant serve two years day-for-day in confinement to be an illegal and void sentence.

Accordingly, we must reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE